UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSEPH RADZIK AND MIRIAM RADZIK,

        Plaintiff,

- against -

EL AL ISRAEL AIRLINES, LTD.,

        Defendant.

Case No. 1:18 CV11093 (GHW)

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

---

Plaintiffs, Joseph Radzik & Miriam Radzik, by their attorney, Moshe Fuld, Esq., as and for their Complaint against Defendant, El-Al Israel Airlines, LTD, (hereinafter "EL AL") allege upon information and belief as follows:

## NATURE OF THE ACTION

1. This action is for personal injuries suffered by the Plaintiffs, who were elderly passengers on board a transcontinental flight from New York to Israel, due to the negligent care performed by the Defendant airline during the transfer of the Plaintiffs in sub-zero weather in Goose Bay, New Foundland, Canada, from the original airplane of the flight to a replacement airplane.

## THE PARTIES

2. Plaintiffs Joseph Radzik and Miriam Radzik are individuals residing in the state of New York at 137-20 71st Avenue, Flushing, NY 11367.

3. The Defendant, El Al was and is a foreign corporation authorized to do business in the State of New York with its principal place of business located at 100 Wall Street, 4th Floor, New York, N.Y. 10005.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 in that there is a federal question presented pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on May 28, 1999 (the "Montreal Convention").

5. Venue is proper in this Court pursuant to 29 U.S.C. § 1391 as Defendant, ELAL, has a principal executive office and transacts business within this judicial district at 100 Wall Street, 4th floor, New York, NY 10005.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

6. At all times herein relevant, Defendant, EL AL, was and is a common carrier engaged in the business of transporting passengers for hire by air.

7. At all times herein relevant, Defendant, ELAL, employed a flight crew responsible for the safe and secure operation of its flights as well as the safety and well-being of its passengers.

8. At all times herein relevant, Defendant, EL AL, was responsible for the training, management, supervision, and/or control of its flight crew, including but not limited to the crew's adherence to standard safety policies and protocol.

9. At all times herein relevant, Defendant, EL AL, employed a ground crew responsible for the safe and secure operation of its ground-based airport functions as well as the safety and wellbeing of its passengers.

10. At all times herein relevant, Defendant, EL AL, was responsible for the training, management, supervision, and/or control of its ground crew, including but not

limited to the crew's adherence to standard safety policies and protocol.

11. At all times herein relevant, Defendant, EL AL, employed additional employees, agents and/or servants responsible for the general safety and well-being of its passengers.

12. At all times herein relevant, Defendant, EL AL, was responsible for the training, management, supervision, and/or control of its additional employees, agents and/or servants, including but not limited to adherence to standard safety policies and protocol.

## CLAIMS AND CAUSES OF ACTION

## COUNT ONE

## NEGLIGENCE

13. Plaintiffs repeat and re-allege paragraphs 1-12 of this Complaint, as if set forth herein.

14. On January 14, 2018, Plaintiffs, Joseph Radzik & Miriam Radzik, were traveling on an international round-trip itinerary from New York to Tel Aviv, Israel.

15. On January 14, 2018, Defendant, EL AL, operated and controlled a certain jet aircraft, designated as Flight ELY008 from JFK Airport to Ben Gurion Airport (hereinafter referred to as the "Flight").

16. On January 14, 2018, the Flight was conducted on an aircraft owned, leased, staffed, or otherwise controlled by the Defendant, EL AL.

17. On January 14, 2018, Plaintiffs, JOSEPH RADZIK and MIRIAM RADZIK, were fare-paying passengers, lawfully ticketed to travel on flight.

18. On January 14, 2018, Defendant, EL AL, operated and controlled a certain jet aircraft, designated as the Flight.

19. On January 14, 2018, the Flight was conducted on an aircraft owned, leased, staffed, or otherwise controlled by the Defendant, EL AL.
20. On January 14, 2018, the Flight made an emergency landing in Goose Bay, New Foundland, Canada due to an alleged faulty sensor.
21. The temperature at Goose Bay was minus 23 degrees Fahrenheit at the time the Flight landed.
22. On January 15, 2018, EL AL sent a replacement aircraft to pick up the stranded passengers from Goose Bay in excess of ten hours after Flight ELY008 had to make an emergency landing.
23. Plaintiffs are of advanced age and as a result, they needed to be transferred between aircraft by way of wheelchairs.
24. While in the process of transferring the passengers from the disabled aircraft to the replacement aircraft, the Plaintiffs sustained serious frostbite injuries.
25. Plaintiffs' injuries resulted from an accident pursuant to Article 17 of the Montreal Convention, insofar as their injuries were caused by an unexpected or unusual event or occurrence external to the Plaintiffs and not by Plaintiffs' internal reaction to the normal operation of the aircraft.
26. Plaintiffs' injuries resulted from Defendant's negligence in its failure to safely transfer the Plaintiffs to the replacement aircraft in a such timely and safe fashion that would not have caused the injuries that Plaintiffs' sustained.
27. As a result of the aforesaid accident, Plaintiffs, JOSEPH RADZIK & MIRIAM RADZIK, were injured.
28. As a result of the aforesaid accident, Plaintiffs, JOSEPH RADZIK & MIRIAM RADZIK, were seriously injured.

S:\DOCS\Complaints\Radzik v. El Al.Complaint2. USDC.SD.doc

29. As a result of the aforesaid accident, Plaintiffs, JOSEPH RADZIK & MIRIAM RADZIK, suffered great pain, agony and mental anguish, and upon information and belief, in the future shall continue to suffer from same.

30. Upon information and belief, as a result of the aforesaid accident, Plaintiffs, JOSEPH RADZIK & MIRIAM RADZIK, suffered great economic loss and in the future shall continue to suffer from same.

31. Upon information and belief, as a result of the aforesaid accident, Plaintiffs, JOSEPH RADZIK & MIRIAM RADZIK, were forced to expend great sums of money on medical treatment and in the future shall continue to expend sums of money on same.

32. As a result of the aforesaid accident, Plaintiffs, JOSEPH RADZIK & MIRIAM RADZIK, were deprived of their enjoyment of life, pursuits and interests and in the future, shall continue to be deprived of same.

33. As a result of the foregoing, Defendant, EL AL, is liable to pay full, fair and reasonable damages to Plaintiffs, JOSEPH RADZIK & MIRIAM RADZIK, pursuant to the Montreal Convention.

34. Defendant, EL AL, cannot meet its burden of proving that its negligence did not cause or contribute to the aforesaid accident and the resulting injuries to Plaintiffs, JOSEPH RADZIK & MIRIAM RADZIK.

35. Defendant cannot meet its burden of proving that the injuries suffered by Plaintiffs, JOSEPH RADZIK & MIRIAM RADZIK, were caused solely by the acts of third parties.

36. Plaintiffs are of advanced age (70 & 69) and as such, it is requested that this matter be placed on an expedited track to be sent out for trial at the earliest possible opportunity.

**WHEREFORE**, Plaintiffs, JOSEPH RADZIK & MIRIAM RADZIK, hereby demands judgment against Defendant, ELAL, in an amount to be determined at trial, together with interest, costs and disbursements of this action.

## JURY DEMAND

Plaintiff demands a jury of eight (8) persons for all claims stated.

Dated: November 28, 2018

*/s/ Moshe Fuld*
Attorney for Plaintiffs Joseph Radzik
and Miriam Radzik
Law Office of Moshe D. Fuld, P.C.
Moshe D. Fuld (MF-1175)
38 West 32nd Street, Suite 1110
New York, New York 10001
(646) 712-8132